UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT J. MURILLO,

        Petitioner,

v.                                          CASE NO. 12-cv-12156
                                            HONORABLE NANCY G. EDMUNDS
WARDEN J. WALTON,

        Respondent.
_____/

**OPINION AND ORDER
DISMISSING THE HABEAS CORPUS PETITION AND
DENYING AS MOOT PETITIONER'S MOTION FOR BAIL
AND REQUEST FOR INJUNCTIVE RELIEF**

Petitioner Robert J. Murillo is a federal inmate at Milan Correctional Institution in Milan, Michigan. He recently filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2241. He seeks immediate release from custody, claiming that he was improperly re-sentenced in 1997 beyond the statutory maximum sentence for his drug offenses. Petitioner raised the same claim in a previous habeas petition, which this Court summarily dismissed because the proper remedy for a challenge to the imposition of sentence is a motion to vacate sentence under 28 U.S.C. § 2255. The pending petition must be dismissed for the same reason. A procedural history and discussion follow.

**I. BACKGROUND**

In 1994, a jury in this District found Petitioner guilty of conspiracy to possess with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1) and 846, use of a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1), and possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1). *See United States v. Murillo*, No. 2:94-cr-81261 (E.D.

Mich. Dec. 9, 1994). On May 30, 1995, United States District Judge Robert H. Cleland sentenced Petitioner to 295 months (twenty-four years, seven months) in prison followed by five years of supervised release. Petitioner appealed his conviction and sentence, and, on October 15, 1996, the United States Court of Appeals for the Sixth Circuit vacated Petitioner's firearm conviction, but affirmed his other convictions and remanded the case for re-sentencing. *See United States v. Murillo*, 99 F.3d 1140 (6th Cir. 1996) (unpublished).

On remand, Judge Cleland determined that Petitioner's base offense level should be increased two levels under the federal sentencing guidelines for possession of a firearm during the drug offenses. Judge Cleland then re-sentenced Petitioner to two concurrent terms of 295 months in prison. The Court of Appeals upheld the two-level enhancement of Petitioner's base offense level. *See United States v. Murillo*, 142 F.3d 437 (6th Cir. 1998) (unpublished).

Petitioner subsequently filed a number of post-conviction motions, including a motion to vacate sentence under 28 U.S.C. § 2255, two motions for relief from judgment under Fed. R. Civ. P 60(b), and a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(d). His motions were either denied or transferred to the Court of Appeals as a successive motion to correct sentence under § 2255.

Petitioner also sought permission from the Court of Appeals to file second or successive motions to vacate sentence in the district court. In his last such request, Petitioner contended that Judge Cleland improperly enhanced his sentence beyond the statutory maximum. The Court of Appeals denied Petitioner's request on the ground that he did not satisfy the requirements for filing a second or successive motion under § 2255. *See In Re Murillo*, No. 10-1286 (6th Cir. Nov. 16, 2010) (unpublished).

## II. DISCUSSION

Petitioner filed his habeas corpus petition on May 14, 2012. He alleges that his sentence of 295 months exceeds the maximum sentence under § 841(b)(1)(C) by four years, five months. In the alternative, Petitioner alleges that his jury made no finding of guilt on the aggravating factors used to extend his sentence. He claims that, as of May 12, 2012, he is unlawfully incarcerated due to an illegal sentence and that he is actually innocent of any extended term of imprisonment.

As noted, Petitioner raised a similar challenge to his sentence in a previous habeas corpus petition. This Court determined that Petitioner's claim involved a challenge to the imposition of his sentence, which should have been brought in a motion to vacate sentence pursuant to 28 U.S.C. § 2255. *See Murillo v. Walton*, No. 2:11-cv-12022 (E.D. Mich. May 18, 2011). The Court went on to say that, to the extent Petitioner was bringing a claim under *United States v. Booker*, 543 U.S. 220 (2005), and *Blakely v. Washington*, 542 U.S. 296 (2004), he was not entitled to relief because neither *Blakely*, nor *Booker*, can be applied retroactively to cases on collateral review. *See Zukowski v.* Parker, 458 F. App'x 424, 427 (6th Cir. 2012); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). Finally, the Court stated that Petitioner's claim did not fall with the actual innocence exception, which would allow him to file a § 2241 petition, because a challenge to a habeas petitioner's sentence cannot serve as the basis for an actual innocence claim under § 2241. The Court concluded that Petitioner was not entitled to habeas relief from his conviction and sentence pursuant to § 2241 and that the Court could not construe his petition as a motion to vacate sentence under § 2255.

Petitioner is once again challenging his federal sentence. As previously explained

3

to him, the primary remedy for federal prisoners claiming the right to release as a result of an unlawful sentence is to file a motion to vacate sentence under § 2255. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Nevertheless, where the remedy by motion under § 2255 is inadequate or ineffective to test the legality of the prisoner's detention, a federal court may entertain a federal prisoner's habeas petition under § 2241. 28 U.S.C. § 2255(e); *Peterman*, 249 F.3d at 461.

Petitioner has been denied permission to file a second or successive motion to vacate sentence, but "the inability to use § 2255 to challenge the legality of one's detention is not enough to prove inadequacy or ineffectiveness." *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). "Petitioner must also allege and prove that he is 'actually innocent.'" *Id.* (citing *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *Peterman*, 249 F.3d at 461-62; *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999) (*per curiam*)).

Although Petitioner claims to be actually innocent,

> [t]he Sixth Circuit has derived its understanding of the definition of "actual innocence" from *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). *Martin*, 319 F.3d at 804. *Bousley* held that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him ... [and] that 'actual innocence' means factual innocence, not mere legal insufficiency." 523 U.S. at 623–24, 118 S. Ct. 1604 (internal quotation marks and citations omitted)

*Id.*

Petitioner has not alleged that he is actually innocent of the underlying offenses for which he was convicted, and he has not cited any errors in the factual findings made at his

4

re-sentencing. Instead, he is challenging the calculation of his sentencing guidelines, claiming that his sentence is legally insufficient because it exceeds the 240-month maximum punishment provided under the statute.

> A challenge to the sentencing court's guidelines calculation . . . only challenges the legal process used to sentence a defendant and does not raise an argument that the defendant is ineligible for the sentence [he] received. The Supreme Court did not intend the "actual innocence" exception to save such procedural claims.

*Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir. 2011), *cert. denied*, __ U.S. __, 132 S. Ct. 1909 (2012). Thus, even assuming that the "actual innocence" exception applies in the noncapital sentencing context, "the exception does not permit prisoners to raise claims about guidelines calculations in a collateral attack." *Id*. at 478.

### III. CONCLUSION

The proper remedy for challenging Petitioner's sentence is to file a motion for relief from judgment pursuant to § 2255. Petitioner has not shown that he is actually innocent or that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Consequently, he has no right to relief under § 2241, and his habeas corpus petition [dkt. #1] is summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (stating that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").[1] It is further ordered that Petitioner's motion for bail [dkt. #3] and his request for a preliminary injunction [dkt. #1] are **DENIED** as moot.

---

[1] This rule may be applied to habeas corpus petitions that were not filed under § 2254. *See* Rule 1(b) of the Rules Governing Section 2254 cases.

        s/Nancy G. Edmunds  
        Nancy G. Edmunds  
        United States District Judge

Dated:  August 1, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 1, 2012, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer  
        Case Manager